# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

WILLIAM RIDDLE     PLAINTIFF

v.     CIVIL ACTION NO. 3:05CV-540-S

ROYAL INDEMNITY CO., et al.     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

The defendant, Royal Indemnity Company, moves to bifurcate discovery of the bad faith claims in the complaint pending adjudication of the remaining claims for a declaration of insurance coverage and breach of contract. The plaintiff, William Riddle, objects because this approach, in his view, will lead to duplicative discovery.

The plaintiff's specific concern is that evidence underlying both the contract and bad faith claims overlap, such as notice to the defendant insurer of the underlying action, investigation of the claim, and documents presented to and prepared by the defendant insurer. The plaintiff argues bifurcated discovery will unnecessarily embroil the parties in discovery disputes and burden this process.

The defendant counters that discovery of coverage issues will focus primarily on the nature of *the plaintiff's* acts and whether his liabilities fall within the coverage language of the policy; whereas, the bad faith issues will focus primarily on *the insurer's* conduct after receiving demand for coverage. The defendant's motion is well taken.

The decision whether to bifurcate discovery lies within the sound discretion of the trial

court. *Smith v. Allstate Insurance Co.*, 403 F.3d 401, 407 (6th Cir. 2005).[1]  Although not routine, a bifurcation of claims is permissible if it serves judicial economy and does not unfairly prejudice any party.  *Hines v. Joy Mfg. Co.*, 850 F.2d 1146, 1152 (6th Cir. 1988).

Coverage issues typically present pure issues of law which may be resolved by dispositive motion.  An insurer's obligation to pay is, in turn, an essential element of bad faith claims, whether brought under common or statute.  *Rawe v. Liberty Mutual Fire Ins. Co.*, 462 F.3d 521, 532 (6th Cir. 2006).  The court concludes a bifurcated approach will expedite and streamline final adjudication of this action – a conclusion reached without any view of the merits of the plaintiff's contract or bad faith claims.

**IT IS HEREBY ORDERED** that the defendant's motion to bifurcate discovery of the bad faith claims (the third, fourth, and fifth causes of action in the complaint) is **GRANTED**. (docket no. 31.)

DATE:

Copies to:  Counsel of Record

---

[1] Rule 42(b) of the Federal Rules of Civil Procedure permits separate trials of any claim or issue.  In addition, trial courts have the inherent power and broad discretion to stay discovery until preliminary questions are determined.  *Gettings v. Building Laborers Local*, 349 F.3d 300, 304 (6th Cir. 2003).  Although a federal court sitting in diversity applies the law of the forum state, *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938); *Hanna v. Plumer*, 380 U.S. 460 (1965), the conduct of discovery and bifurcation are matters of federal procedural law.  *See Smith*, 403 F.3d at 407.  The court further observes bifurcation of bad faith claims in discovery is the prevailing practice in Kentucky state courts, *see Sosa v. State Farm Ins.*, 2006 WL 2191131 (Ky. App. 2006); although, under Kentucky's view, a trial court commits an abuse of discretion if it fails to bifurcate bad faith claims from certain underlying insurance claims, *see Wittmer v. Jones*, 864 S.W.2d 885 (Ky. 1993).