UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**WILLIAM RIDDLE**                                                                                       **PLAINTIFF**

v.                                                             **CIVIL ACTION NO. 3:05CV-540-S**

**ROYAL INDEMNITY COMPANY, ET AL.**                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

The plaintiff, William Riddle, seeks a declaration of insurance coverage in this matter with respect to loss related to his defense and settlement of a Qui Tam action. The matter currently before the court is his motion to compel the defendant, Royal Indemnity Company, to produce its entire claim files. For reasons set forth below, **IT IS HEREBY ORDERED** that plaintiff's motion (docket no. 81) is **DENIED**, and Royal's request for a hearing on that motion (docket no. 88) is **DENIED** as well.

In addition to the coverage claims in his complaint, the plaintiff asserts claims for statutory and common law bad faith. In an order dated February 16, 2007, the court granted Royal's motion to bifurcate discovery of the bad faith claims from the coverage claims. In his opposition to the motion to bifurcate, the plaintiff asserted that the relevance of many documents would overlap both the coverage and bad faith issues. He advances such an argument again in his motion to compel, essentially complaining that although Royal has produced a portion of its claim file, e.g., the policy and correspondence between the plaintiff's counsel, the government, and the insurers in the Qui Tam litigation, Royal refuses to produce any notes, evaluations, or analyses concerning its duties under its and the primary insurer's policies.

In response to the motion to compel, Royal states that it has produced 195 of 325 pages contained in its claims file, withholding 130. Royal asserts that the withheld documents are

predominantly communications between Royal employees and between those employees and counsel for Royal related to this lawsuit and are therefore either privileged or relevant only to the plaintiff's bad faith claims. Royal further states that all privileged documents are described generally in a privilege log which has been provided to the plaintiff.

The plaintiff contends such omitted documentation from the claim file is relevant and discoverable, even under the bifurcation order, because such notes, evaluations and analyses may contain (1) admissions of liability; (2) evidence of when Royal received actual notice of the Qui Tam complaint - - late notice being an affirmative defense; and (3) information which may further lead to the discovery of admissible evidence.

As noted above, this is a declaratory judgment action. To determine whether coverage exists, the court must compare the underlying facts with the language of the insurance policy at issue. Royal's objective analyses and notes concerning the insurance contract's interpretation have no bearing, on the court's determination of the ultimate question of whether coverage exists. Accordingly, the evidence sought by the plaintiff, as well as any admissions against interest by Royal regarding its interpretation of the contract, are relevant only to the reasonableness of Royal's coverage position, which is an element of bad faith rather than coverage.

Morever, plaintiff's assertion that the documents may lead to the discovery of admissible evidence simply is too speculative. It appears that any information that Royal has in its possession is due to plaintiff's own disclosures during his efforts to seek coverage during the Qui Tam litigation. The plaintiff thus appears to be in full possession of the underlying facts and sufficient materials to proceed with his case for coverage.

Because the court has determined that the defendant's relevance objections should be sustained, it is not necessary to rule on any privilege objections at this time. If during discovery

of the bad faith claims, the parties continue to dispute the issue of privilege, they may file an appropriate motion, and the court will issue a prompt ruling.

DATE:

Copies to:
Counsel of Record