UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

WILLIAM RIDDLE                                                                                           PLAINTIFF

v.                                                                       CIVIL ACTION NO. 3:05CV-540-S

ROYAL INDEMNITY CO., et al.                                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on several discovery motions, including the defendants' joint motion to compel production of documents the plaintiff withholds under claims of attorney-client and work product privileges.

The defendants argue generally that because the plaintiff placed the settlement of the underlying *qui tam* action in issue by filing this insurance coverage action, the plaintiff waived the attorney-client and work product privileges shielding discovery of information generated in the *qui tam* action. As the defendants readily concede, neither the state court nor the federal court of Kentucky has applied the "in-issue" waiver rule in a reported coverage action. *See Morrow v. Brown, Todd & Heyburn*, 957 S.W.2d 722 (Ky. 1997) (applying "in-issue" waiver in a claim of wrongful use of civil proceedings and discussing applicability in bad faith insurance claims); *Static Control Components, Inc.,v . Lexmark Int'l*, 2007 WL 902273 (E.D.Ky. Mar. 22, 2007) (applying selective waiver in a patent infringement action involving advice-of-counsel defense); *see also Rodriguez v. Commonwealth*, 87 S.W.3d 8, 12 (Ky. 2002) (applying waiver rule in ineffective-assistance-of-counsel claim).

The coverage dispute at hand is distinguishable from these and other cases in which the attorney's knowledge or the confidential client communications themselves were at issue, not

merely the content of the privileged information.  *Id.,* at 725; *see also* LEE R. RUSS, COUCH ON INSURANCE § 250:57 (3d ed. 2007) (stating generally the "in-issue" doctrine is not applicable to insurance coverage cases.)  Moreover, it does not appear that information pertaining to the basis, character, allocation, and reasonableness of the settlement is as one-sided as the defendants suggest because the settlement reflects the participation of the plaintiff's opposition, the government.  In short, the court declines to extend the "in-issue" waiver to this coverage action or otherwise order disclosure under Rule 26(b)(3)(B).

The court being sufficiently advised,

**IT IS HEREBY ORDERED** that the defendants' motion for an extension of time within which to complete discovery is **GRANTED** (docket no. 91).  The parties shall complete discovery no later than July 1, 2008.

**IT IS FURTHER ORDERED** that the defendants' motion to compel (docket no. 94) and the plaintiff's motion for hearing (docket no. 98) are **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motions to strike (docket no. 96 and 102) are **GRANTED**.

Date:

Copies to:  counsel of record